# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

CHRISTOPHER MELTON,

    Plaintiff,

v.                                Case No: 2:21-cv-767-SPC-MRM

LOWE'S HOME CENTERS,
LLC and WERNER CO.,

    Defendants.
_____/

## **ORDER**[1]

Before the Court is Plaintiff Christopher Melton's Complaint (Doc. 1). Melton sues Defendants for products liability stemming from his fall from a ladder. The Complaint cites diversity jurisdiction as the basis for the Court's subject matter jurisdiction.

"[A] federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking" and should do so "at the earliest possible stage in the proceedings." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). A plaintiff who asserts diversity jurisdiction must prove that diversity jurisdiction exists. *King v. Cessna Aircraft Co.*, 505

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

F.3d 1160, 1171 (11th Cir. 2007). Diversity jurisdiction requires complete diversity of citizenship among the opposing parties and an amount in controversy exceeding $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a). Here, the diversity of citizenship is uncertain because Melton has not sufficiently pled the citizenship of any party.

Melton pleads that he resides in Lee County, Florida. (Doc. 1 at ¶ 3). Residency is not enough. A person's citizenship is determined by his "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom." *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002). Here, Melton's domicile is not identified.

Melton pleads that Lowe's Home Centers, LLC, is a foreign profit corporation with its principal place of business in North Carolina. (Doc. 1 at ¶ 4). But an LLC is a citizen of every state in which one of its members is domiciled. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020 (11th Cir. 2004). Each member of the LLC must be diverse from the opposing party. See *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). Here, the LLC members, and their citizenship, are not identified.

Melton pleads that Werner Co. is a foreign profit company with its principal place of business in Illinois. (Doc. 1 at ¶ 5). But a corporation is a citizen of any state by which it has been incorporated and has its principal

place of business.  *Hertz Corp. v. Friend,* 559 U.S. 77, 80 (2010).  Here, Melton does not identify Werner's state of incorporation.

Because Melton has not pled the parties' citizenship, the Court can only speculate as to whether it has jurisdiction.

Accordingly, it is now

**ORDERED:**

(1) The Complaint (Doc. 1) is **DISMISSED without prejudice** for lack of subject matter jurisdiction.

(2) Plaintiff may file an amended complaint by **November 4, 2021**. **Failure to do so will cause the Court to close this case without further notice**.

**DONE** and **ORDERED** in Fort Myers, Florida on October 21, 2021.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

3